**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 25-25244-CV-WILLIAMS**

CHRISTINA KALPAKOFF,

Plaintiff,

v.

CARNIVAL CORPORATION,

Defendant.

________________________________/

# ORDER

**THIS MATTER** is before the Court on Magistrate Judge Enjoliquè A. Lett's Report and Recommendations (DE 28) ("***Report***") on Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Complaint for Damages and Demand for Jury Trial ("***Motion***") (DE 11). Upon review of the Report, the Objections, the record, and applicable law, Judge Lett's Report is **AFFIRMED AND ADOPTED**.

## I. BACKGROUND

In this maritime personal injury action, Plaintiff alleges that she was injured aboard Defendant's vessel. (DE 1 ¶ 14). Plaintiff states that on November 27, 2024, she fell while attempting to "traverse the tile floor of the Atrium Lobby Bar area" due to an allegedly "wet and/or slippery, transitory substance" that could not be seen by a reasonable passenger. (*Id.*) Plaintiff further alleges that her injuries were caused by her "slip and resulting fall." (*Id.* ¶ 16). The Complaint asserts four counts against Carnival for negligent maintenance (Count I), negligent failure to warn (Count II), vicarious liability for negligent maintenance (Count III), and vicarious liability for negligent failure to warn

(Count IV). (DE 1).

On January 26, 2026, Defendant sought dismissal of Plaintiff's complaint under Federal Rule of Procedure 12(b)(6). (DE 11 at 1). Upon referral from the Undersigned, Judge Lett issued a Report recommending that the Motion be denied in part as to Counts I and II because Plaintiff sufficiently alleged notice. (DE 28 at 5–8). Judge Lett further recommended that the Court grant the Motion in part as to Counts III and IV because Plaintiff failed to plead claims for vicarious liability. (*Id*. at 10–13). On August 21, 2026, Defendant filed its objections to the Report, primarily challenging the Report's findings as to notice. (DE 30 at 3–7). Plaintiff responded to Defendant's objection asserting that notice was adequately pled at the motion to dismiss stage. (DE 31 at 2–7). Upon review of the Report, the Objections, and for the reasons set forth below, the Court overrules Defendant's objections.

## II. LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (cleaned up). Under the Southern District of Florida Local Rules, objections must also cite to the relevant supporting legal authority. S.D. FLA. MAG. J. R. 4(a). When a party timely objects to a magistrate judge's report and recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

**III. DISCUSSION**

The Report recommends denying Defendant's Motion on the basis that Plaintiff sufficiently alleges notice for Counts I and II. (DE 28 at 8). Specifically, the Report finds that Plaintiff's allegations regarding Carnival's internal training documents listing the Atrium Lobby as an "AREA[] OF MOST POTENTIAL SLIPS AND FALLS," taken together with allegations identifying seventeen (17) prior incidents and claims that at least three crew members were present at the time of Plaintiff's accident, sufficiently satisfies the notice element. (DE 28 at 6) (citing DE 1 ¶¶ 19, 22–23). The Court agrees.

Plaintiff's allegations, which are accepted as true, plausibly establish that Defendant may have been on notice of the slippery substance. Defendant contends that Plaintiff's allegations are "generic, conclusory, and speculative." (DE 30 at 3–5). However, Defendant analyzes Plaintiff's notice allegations in isolation and rests its conclusion on the contention that the seventeen substantially similar incidents do not plausibly plead Carnival's notice because the incidents did not occur on the same vessel or in the same area, and that Plaintiff did not allege crew members actually knew of the substance. *See* (*Id.*)

As noted in the Report, a "'plaintiff can establish constructive notice with evidence of substantially similar incidents in which conditions substantially similar to the

occurrence in question must have caused the prior accident.'" (DE 28 at 6) (citing *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019)). Whether the seventeen (17) incidents are similar enough to draw a reasonable inference that Carnival had notice is a question for summary judgment. *See Cogburn v. Carnival Corp.* No. 21-11579, 2022 WL 1215196, at *4–5 (11th Cir. 2022); *See also Collins v. Virgin Cruises Intermediate Ltd.*, No. 1:23-CV-24364, 2024 WL 3105884, at *5–6 (S.D. Fla. June 3, 2024), *report and recommendation adopted,* No. 23-24364-CV, 2024 WL 3103440 (S.D. Fla. June 24, 2024). However, at the motion to dismiss stage, a plaintiff needs only allege facts that demonstrate similar incidents have occurred. *See Collins*, No. 1:23-CV-24364, at *5–6 (noting that the alleged prior incidents may not be sufficient at the summary judgment stage, but they pass muster at the dismissal stage). Here, Plaintiff alleges several prior incidents of slip and falls on wet tile flooring. The fact that Plaintiff did not allege incidents that occurred "on the same vessel, much less the same area" as Plaintiff's incident, *see* (DE 30 at 3), is an issue concerning sufficient similarity to be determined at summary judgment. Accordingly, the Court overrules Defendant's objection on this basis.

The Court is equally unpersuaded by Defendant's argument that notice is insufficiently pled because Plaintiff did not allege that "crewmembers were aware or [understood] the alleged condition to be dangerous." (DE 30 at 6). As noted above and in the Report, this allegation, taken together with the allegations regarding Defendant's training documents and similar incidents, is "enough to establish a plausible theory of Defendant's liability and 'raise a reasonable expectation that discovery will reveal evidence' that Defendant had actual or constructive notice." (DE 28 at 7) (citing *Rivell v.*

*Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)).

Finally, Defendant generally objects to Judge Lett's remaining findings regarding Plaintiff's notice allegations by stating, "[f]urther as discussed in Carnival's Motion, Plaintiff's remaining notice allegations are insufficient." *See* (DE 30 at 7). As noted above, "[i]n order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall **specifically** identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort*, 208 F. App'x at 783 (cleaned up). The Court is only required to "make a *de novo* determination **of those portions of the report** . . . or recommendations **to which objection is made**." 28 U.S.C. ¶ 636 (emphasis added); *see also Taylor v. Acting Comm'r*, 761 Fed. App'x. 966, 969 n.1 (11th Cir. 2019) (noting that "failure to object to the magistrate's factual findings after notice precludes a later attack on these findings") (citing *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988)) (quotations omitted). "District Courts in the Eleventh Circuit have reviewed those portions of a magistrate's report and recommendation to which no objection has been made for *clear error*." *Lombardo v. U.S.*, 222 F. Dupp. 2d 1367, 1369 (S.D. Fla. 2002) (emphasis added). Accordingly, the Court does not find that Magistrate Judge Lett, in reaching her conclusion, clearly erred by considering the ship's internal training documents, which lists the Atrium Lobby as an "AREA[] OF MOST POTENTIAL SLIPS AND FALLS," as part of her determination regarding notice. (DE 1 ¶ 19; DE 28 at 7–8)

For these reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Lett's Report (DE 28) is **AFFIRMED AND ADOPTED**.

2. The Motion to Dismiss is **DENIED** as to Counts I and II.

3. The Motion to Dismiss **GRANTED** as to Counts III and IV. Plaintiff may file an amended complaint on or before **October 13, 2026**.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 29th day of September, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE